IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Kenneth Biggs,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-12-0291-PHX-FJM (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE FREDERICK J. MARTONE, SENIOR U.S. DISTRICT JUDGE:

Michael Kenneth Biggs filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 1994 convictions for two counts of attempted sexual conduct with a minor, and the imposition of consecutive 15-year terms of imprisonment. He alleges four grounds for relief in his Second Amended Petition: (1) a violation of his due process rights because of a breached plea agreement; (2) the ineffective assistance of counsel; (3) the imposition of an illegal sentence; and (4) a violation of his due process rights because of lack of access to the courts.

Biggs filed a habeas petition in 2004, challenging the same 1994 state convictions and sentences. *See* CV-04-2178-PHX-NVW. The Court ruled that his petition was untimely filed, and dismissed the case with prejudice. *Id.*, Docs. 11, 17. "[T]he dismissal of a habeas petition as untimely constitutes a disposition on the merits," making any "further petition

challenging the same conviction 'second or successive' for purposes of 28 U.S.C. § 2244(b)." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).[1]

Before filing a second or successive habeas petition in federal district court challenging the same conviction, a state prisoner must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Biggs has not sought any such authorization in the court of appeals, and is therefore precluded from habeas relief.

**IT IS THEREFORE RECOMMENDED** that Michael Kenneth Biggs' Second Amended Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice** (Doc. 18).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right

---

[1] In addition, "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims." *McNabb*, 576 F.3d at 1030.

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 1st day of October, 2013.

David K. Duncan
United States Magistrate Judge

- 3 -